UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAMERON BUTLER, | ) | Case No. EDCV 04-1306 (JTL) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

On October 25, 2004, Cameron Butler ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability and supplemental security income benefits. On November 19, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on April 18, 2005, defendant filed an Answer to Complaint. On June 30, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On April 6, 2001, plaintiff filed an application for social security disability benefits. (Administrative Record ["AR"] at 21). In his application, plaintiff claimed that, beginning on October 1, 1997, numbness in his legs and hands, diabetes, and emotional problems prevented him from working. (AR at 85). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 47-50, 64-69). On or about March 12, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 76).

On November 14, 2002 and February 24, 2003, the ALJ conducted hearings in San Bernardino, California. (AR at 683-716, 717-76). At the November 14, 2002, plaintiff appeared at the hearing with counsel and testified. (AR at 690-715). Sandra Fioretti, a vocational expert, appeared but did not testify. (AR at 683). At the conclusion of the November 14, 2002 hearing, the ALJ stated he would probably have a supplemental hearing. Plaintiff's counsel also said she would attempt to procure additional medical records. (AR at 715-16). At the February 24, 2003 hearing, plaintiff appeared and testified. (AR at 719-26). Medical experts, Sami Wofoosi, M.D., and Joseph Malancharuvil, M.D., appeared and testified. (AR at 727-55, 755-68). Sandra Fioretti, a vocational expert, also appeared and testified. (AR at 768-75).

On April 21, 2003, the ALJ issued his decision denying benefits. (AR at 21-32). In his decision, the ALJ concluded that plaintiff suffered from the following impairments, which are severe in combination: extreme obesity with insulin dependent diabetes mellitus, hypertension, degenerative disc and joint disease of the

lumbar spine, history of rash in his groin, probable plantar fascitis, depressive disorder, and personality disorder. (AR at 25). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (*Id.*). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform a significant range of light work, such as a bench assembly worker, plastic hospital products assembler, and general assembler. (AR at 30). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (*Id.*).

On June 19, 2003, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 17). Upon review of plaintiff's request, the Appeals Council affirmed the ALJ's decision. (AR at 5-7).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

    1.   The ALJ failed to appropriately consider the treating physician's opinion of disability.

    2.   The ALJ improperly rejected the testimony of plaintiff's wife.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme*

3

v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The ALJ's Consideration of the Treating Physician's Opinion**

Plaintiff asserts that the ALJ failed to give proper consideration to the opinion of plaintiff's treating physician, who plaintiff claims gave an assessment of disability.  This alleged failure to address the treating physician's disability assessment, he argues, constitutes error.

On December 11, 2002, plaintiff's treating physician, Swati Thacker, M.D., performed a Psychiatric Evaluation on plaintiff, whereby he assessed plaintiff with a Global Assessment of Functioning[1] ("GAF") score of 50.  (AR at 480).  On November 13, 2002, Davis Powell, a Marriage and Family Therapist, also assessed plaintiff with

---

[1] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

4

a GAF score of 50.² In the only reference to this GAF score in his decision, the ALJ notes that "the severity of [plaintiff's] limitations overall was rated as only marginally serious with a GAF score of 50." (AR at 24). Plaintiff objects to the ALJ's characterization of a GAF score of 50 as "only marginally serious," and asserts that such a score denotes disability. Plaintiff also claims that the ALJ was required to provide specific and legitimate reasons for rejecting the GAF score, but failed to do so.

**1. The ALJ's Characterization of Plaintiff's GAF Score as "Marginally Serious"**

First, plaintiff objects to the ALJ description of his GAF score of 50 from Dr. Thacker as only "marginally serious." (AR at 24). A GAF score of 41 to 50 indicates "[s]erious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th. ed, rev. 2000). A GAF score between 51 to 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." Id. Because plaintiff received a GAF score at the highest end of the GAF score category of 41-50, a category defined by serious symptoms or impairments, Court

---

² Plaintiff cites to page 487 of the Administrative Record as evidence of Mr. Powell's assessment. The copy of the treatment record cited by plaintiff, however, is illegible. As such, the Court cannot confirm that Mr. Powell assessed plaintiff with a GAF score of 50. As defendant does not object to plaintiff's description of Mr. Powell's assessment, the Court will accept plaintiff's description as accurate.

finds the ALJ's characterization of plaintiff's GAF score of 50 as "marginally serious" was a fair and accurate description. (AR at 24).

As noted by the ALJ, plaintiff was also assessed a GAF score of 45 by Daniel Prine, Psy.D., an examining psychologist with the Parole Outpatient Clinic on June 27, 2001. (AR at 24, 379). The ALJ found that plaintiff received a GAF score of 45 "due to legal and family relationship problems." (AR at 24). Unlike a GAF score of 50, however, a GAF score of 45 falls squarely in the serious symptoms or serious impairment category of the Diagnostic and Statistical Manual of Mental Disorders. As such, plaintiff received a GAF score from an examining physician, Dr. Prine, in the serious range, in addition to the GAF score from a treating physician, Dr. Thacker, in the "marginally serious" range. The ALJ did not give any reasons for specifically rejecting the GAF scores assessed by either the treating physician or the examining physician.

**2. Failure of the ALJ to Provide Specific and Legitimate Reasons for Rejecting the Treating Physician's GAF Assessment**

Plaintiff also faults the ALJ for failing to address the GAF score assessed by plaintiff's treating physician and for failing to provide specific and legitimate reasons for rejecting the score. In determining that plaintiff's impairments did not meet or equal any listed impairment, the ALJ relied on the testimony of medical experts, Sami Nafoosi, M.D., and Joseph Malancharuvil, M.D., both of whom opined that plaintiff retained the residual capacity to work. (AR at 27). Dr. Nafoosi, a Board-certified internist, testified with respect to plaintiff's physical impairments. (AR at 21, 727-49). With respect to his mental impairments, Dr. Malancharuvil, a licensed clinical psychologist, testified that plaintiff suffered from the

6

1  medically determinable impairments of reactive depression and
2  personality disorder, not otherwise specified, with a tendency for
3  anger explosions. (AR at 21, 755). Dr. Malancharuvil further opined
4  that plaintiff had mild cognitive disruption, but retained the ability
5  to handle his daily needs and perform moderately complex tasks in a
6  habituated setting and object-oriented work. (AR at 756). The ALJ
7  found that the opinion of Dr. Manlancharuvil was credible and
8  supported by the treatment record. (AR at 27, 28). Specifically,
9  the ALJ noted, "[T]he record of psychiatric treatment provides no
10 reasonable basis for believing that the claimant has any psychotic
11 disorder. Indeed, even the recent treating source finding of **moderate
12 mental limitations** is suspect given the demonstrated unreliability of
13 claimant's statements." (AR at 28)(emphasis added).
14      An ALJ should afford less weight to a non-examining physician's
15 opinion than to either a treating physician's opinion. See Pitzer v.
16 Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)("[T]he conclusion of
17 a non-examining physician is entitled to less weight than the
18 conclusion of an examining physician."). Standing alone, a non-
19 examining physician's opinion cannot constitute substantial evidence
20 to reject a treating physician's opinion. See Lester v. Chater, 81
21 F.3d 821, 831 (9th Cir. 1996) ("The opinion of a nonexamining
22 physician cannot by itself constitute substantial evidence that
23 justifies the rejection of the opinion of either an examining
24 physician or a treating physician.") (emphasis in original). In order
25 to reject the testimony of a treating physician in favor of a non-
26 examining physician, the ALJ must give specific, legitimate reasons
27 that are supported by substantial evidence in the record. Id.
28 (quoting Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)).

Furthermore, "where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041.

Here, the ALJ did not address plaintiff's GAF scores, both of which fell in the range of scores classified as serious. Dr. Thacker rendered his serious assessment as part of a psychiatric evaluation as plaintiff's treating physician. Dr. Prine, an examining physician, assessed plaintiff's serious range GAF score in conjunction with a psychological evaluation. (AR at 376-80). The ALJ, however, relied on the assessment of Dr. Malancharuvil, a medical expert, who assessed only mild, cognitive disruption. (AR at 755). Dr. Malancharuvil's assessment of mild disruption conflicts with Drs. Thacker and Prine, both of whom opined that plaintiff's impairment or symptoms were serious in degree. Dr. Malancharuvil never examined the plaintiff; as such, his opinion is not based on independent clinical findings. Accordingly, in order to reject the treating physician's assessment in favor of a non-examining physician, as the ALJ has done, the ALJ is required to provide specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 831.

The reason proffered by the ALJ for rejecting Dr. Thacker's GAF score lacks specificity and legitimacy. First, the ALJ does not specify which statements by plaintiff to his treating physician render the treating physician's findings "suspect" with regard to his mental functioning. (AR at 28). In his decision, the ALJ generally noted plaintiff's lack of consistent mental health treatment (AR at 25) and

8

his inconsistent statements involving his visual and auditory hallucinations (AR at 27). Neither of these reasons are adequately specific to reject Dr. Thacker's clinical diagnosis of a GAF score of 50. Second, the ALJ erroneously characterizes Dr. Thacker's assessment regarding plaintiff's mental impairment as "moderate mental limitations." (AR at 28). As noted above, Dr. Thacker's GAF score of 50 is defined as serious symptoms or impairment; a GAF score between 51-60, on the other hand, constitutes moderate impairment. Accordingly, the ALJ did not provide specific and legitimate reasons for rejecting Dr. Thacker's opinion. As such, substantial evidence does not exist to support the ALJ's decision.

**B.** **Reversal and Remand is Appropriate**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Id; see also Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, remand for further proceedings is appropriate to allow the ALJ to give specific, legitimate reasons that are supported by substantial evidence in the record for rejecting the testimony of a treating physician in favor of a non-examining physician.[3]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

DATED: October 26, 2005

          /s/ Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff has raised another claim of error regarding the ALJ's decision, namely, that the ALJ failed to properly reject the testimony of plaintiff's wife. As explained above, the ALJ's error in assessing rejecting the treating physician's opinion constitutes sufficient reason to remand this case. Depending on the outcome of the proceedings on remand, the ALJ should address plaintiff's remaining issue at that time.

10